Case 3:04-cv-01271-B Document 92 Filed 11/17/05 Page 1 of 17 PageID 520

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 17 2005
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD D. WILLIS et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1271-B |
| | § | |
| GENERAL MOTORS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## CONCLUSIONS AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Order of Reference, entered October 28, 2005, this case has been referred to the United States Magistrate Judge for pretrial management. All non-dispositive motions are referred for determination, and all dispositive motions are referred for recommendation. Defendant General Motors Corporation ("Defendant") filed a motion to dismiss, or in the alternative, a motion for summary judgment, on March 31, 2005. Seven of eight Plaintiffs have not filed a response. Plaintiff Donald Willis ("Willis") filed an untimely response on November 11, 2005. For the following reasons, the Court recommends that Defendant's motion to dismiss be **GRANTED** and that Plaintiffs' claims be dismissed.

### BACKGROUND

Plaintiffs Willis, Christopher Hicks ("Hicks"), Raymond Decambre ("Decambre"), Sam Gipson ("Gipson"), Danny Dallas, Jr. ("Dallas"), Ava Fanner ("Fanner"), Sabrina Carter-Spencer ("Carter-Spencer"), and Rodney Caldwell ("Caldwell") (collectively "Plaintiffs") initiated this lawsuit on June 10, 2004. Plaintiffs are all *pro se*. Plaintiffs' complaint asserts claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,

and 42 U.S.C. § 1981 and claims of age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). (*Pl.'s Compl.* at 1.) Plaintiffs' complaint states that Defendant committed specific discriminatory acts against them on or around March 7, 2003, and on a continuing basis, beginning in July 2001. (*Id.* at 2.) Plaintiffs indicate that Defendant's discriminatory acts include suspension of employment, general harassment, racial and discriminatory overtones, denial of promotions, and retaliatory job transfers. (*Id.*) Plaintiffs only make general allegations of racial and age discrimination and do not delineate in any of their pleadings the specific discriminatory acts Defendant committed. (*See id.* at 3) (outlining Plaintiffs' general complaints of discrimination.) Willis filed a motion to certify the class on June 22, 2004, which the District Court denied in an order entered June 30, 2004.

Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment, on March 31, 2005. Defendant asserts that the Court should dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 16(f), 37(b)(2)(C), and 41(b) because Plaintiffs have failed to prosecute their claims. (*Def.'s Mot. to Dismiss* at 17.) Defendant also argues that the Court should dismiss Delcambre's claims, pursuant to Federal Rule of Civil Procedure 11(a), because Delcambre did not sign the complaint. (*Id.*) Alternatively, Defendant alleges that it is entitled to judgment as a matter of law for three reasons. (*Id.* at 21.) First, Defendant claims that Plaintiffs failed to exhaust their administrative remedies. (*Id.*) Second, Defendant argues that Fanner's 42 U.S.C. § 1981 claim is time barred. (*Id.* at 23.) Third, Defendant asserts that Caldwell, Carter-Spencer, Dallas, Delcambre, Gipson, Hicks, and Willis's Title VII, ADEA, and 42 U.S.C. § 1981 claims are without merit. (*Id.* at 24.)

Because the parties have yet to conduct discovery in this case, the Court finds that a motion

for summary judgment is premature because the parties have not developed the record fully enough to determine if any genuine issues of material fact are present or whether Defendant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c) (indicating that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). Accordingly, the Court construes Defendant's summary judgment arguments as arguments in favor of dismissing Plaintiffs' complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6) (granting the Court discretion to dismiss for failure to state a claim upon which relief can be granted).

## DISCUSSION

### I. Failure to Prosecute

Defendant first argues that the Court should dismiss Plaintiffs' claims because they failed to prosecute their case. Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case if the plaintiff fails to prosecute the case or fails to abide by the rules or orders of the Court. FED. R. CIV. P. 41(b). Defendant states that Plaintiffs failed to comply with various pretrial orders, including: (1) an order of the District Court, entered September 21, 2004, ordering the parties to confer and to submit a joint status report; (2) an order of the District Court, entered September 21, 2004, ordering the parties to make their initial disclosures; and (3) an order of the District Court, entered October 25, 2005, ordering the parties to show cause. (*Def.'s Mot. to Dismiss* at 4-5.) Federal Rule of Civil Procedure 16(f) grants the Court discretion to impose sanctions upon a party for failing "to obey a scheduling or pretrial order." FED. R. CIV. P. 16(f). Federal Rule of Civil Procedure 37(b) addresses

3

the types of sanctions a court may impose due to a party's failure to comply with a court order, and subsection (b)(2)(C) permits the Court to dismiss a case. FED. R. CIV. P. 37(b); FED. R. CIV. P. 37(b)(2)(C). "The same criteria developed for evaluating dismissals for failure to prosecute under [rule] 41(b) are to be applied in a rule 16(f) case." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

Because dismissal is a harsh sanction, the Court should not invoke it unless "'a clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Before dismissing a case for failure to prosecute, the Court should find that at least one of the following three aggravating factors is present: (1) delay caused by plaintiff him or herself and not by his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

In this instance, a clear record of delay exists by all Plaintiffs, except Willis. All Plaintiffs, except Willis, have demonstrated long periods of inactivity. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (indicating that "'significant periods of total inactivity' . . . have been held to constitute a clear record of delay") (quoting *Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976)). Plaintiffs filed their complaint on June 10, 2004. Gipson and Carter-Spencer have not filed any pleadings in this case since the filing of the complaint, which is a sixteen month period of inactivity. (*Def.'s Mot. to Dismiss* at 3.) On June 21, 2004, Willis filed a motion for class action certification, and Fanner, Hicks, Caldwell, Dallas, and Delcambre all filed supporting memoranda on August 20, 2004, September 1, 2004, September 2, 2004, September 3, 2004, and September 10, 2004, respectively. (*Id.*) The only pleadings Hicks, Caldwell, and Dallas have filed since then are

4

motions to appoint counsel, filed July 26, 2005, July 27, 2005, and August 1, 2005, respectively, which are ten to eleven month periods of inactivity. Fanner and Delcambre have not filed any pleadings since they filed their memoranda in support of the motion for class action certification, which are fourteen and fifteen month periods of inactivity. (*Id.*) Dallas, Carter-Spencer, and Hicks have changed addresses since they filed the complaint and have not notified the Court of their new addresses. (*Id.* at 4-5.) In addition, all Plaintiffs, except Willis, failed to respond to Defendant's motion to dismiss, or in the alternative, motion for summary judgment.

All Plaintiffs, except Willis, have failed to comply with three orders of the District Court. On September 20, 2004, the District Court entered an order requiring the parties to file a joint status report by October 12, 2004. (*Id.* at 4.) The order required all Plaintiffs and Defendant to participate in a status conference and specified that Plaintiffs were responsible for initiating the status conference. (*Id.*) Defendant states that Plaintiffs never contacted it to schedule the status conference. (*Id.*) Willis prepared a proposed status report, which he sent to Defendant. (*Id.*) The other seven Plaintiffs did not attempt to comply with the District Court's status report order. (*Id.*) The District Court's order, entered September 20, 2004, also required the parties to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty days of the order. (*Id.*) Defendant states that it served its initial disclosures on Plaintiffs, but Plaintiffs have not served Defendant with their initial disclosures. (*Id.*)

On October 25, 2004, the District Court ordered the parties to show cause why they failed to comply with the status report order, entered September 20, 2004. (*Id.* at 5.) The order required the parties to show cause in writing by October 29, 2004 and specifically stated that "[f]ailure to show cause may result in sanctions, which could include dismissal of the case." (*Id.*) Defendant and

5

Willis both filed responses to the order on October 29, 2004, but the remaining seven Plaintiffs did not respond to the District Court's show cause order. (*Id.*)

The Court finds that Hicks, Delcambre, Gipson, Dallas, Fanner, Carter-Spencer, and Caldwell's failure to respond to three of the District Court's orders and the above illustrated periods of inactivity constitute "a clear record of delay or contumacious conduct." *See Rogers*, 669 F.2d at 320. The Court also finds that one of the three aggravating factors is present - Plaintiffs themselves caused the delay - not their attorneys. *See Price*, 792 F.2d at 474 (requiring one of the following three aggravating factors to be present before a court grants a dismissal due to plaintiff's failure to prosecute: (1) delay caused by plaintiff him or herself and not his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct). Because Plaintiffs are *pro se*, the Court can only attribute the delay to Plaintiffs personally, not their attorneys. The Court, therefore, recommends that the District Court dismiss Hicks, Delcambre, Gipson, Dallas, Fanner, Carter-Spencer, and Caldwell's claims due to their failure to prosecute.

Having found that the District Court should dismiss all of Plaintiffs, except Willis, from this suit, the Court turns to the issue of whether the District Court should dismiss their claims with or without prejudice. "Because of the severity of a dismissal with prejudice when used as a sanction . . . we have stated that it is 'a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice.'" *Morris*, 730 F.2d at 251 (quoting *Burden v. Yates* 644 F.2d 503, 505 (5th Cir. 1981)). To dismiss with prejudice for failure to prosecute, the Court must make specific findings that a lesser sanction would be inadequate. *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (indicating that the appellate court cannot "affirm a dismissal unless the district court expressly considered alternative sanctions and

6

determined that they would not be sufficient to prompt diligent prosecution or the record reveals that the district court employed lesser sanctions prior to dismissal"). The United States Court of Appeals for the Fifth Circuit has "suggested alternatives to dismissal, including the '[a]ssessment of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Id.* (quoting *Rogers*, 669 F.2d at 322).

The Court recommends that the District Court dismiss all Plaintiffs' claims, except Willis's claims, without prejudice. Traditionally, courts have not dismissed claims with prejudice in cases merely involving "noncompliance with two or three orders or rules of the district court." *Id.* (citing *Morris*, 730 F.2d at 248; *Rogers*, 669 F.2d at 317; *Burden*, 644 F.2d at 503; *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382 (5th Cir. 1978); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210 (5th Cir. 1976); *Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360 (5th Cir. 1976); *E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972); *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir. 1968)). In addition, the District Court has yet to impose any sanctions upon Plaintiffs for failing to comply with its orders. *See Callip*, 757 F.2d at 1522 (affirming the district court's dismissal with prejudice for failure to prosecute partly because the record revealed that the district court had imposed lesser sanctions prior to dismissal). Because Plaintiffs' delay only involves non-compliance with three orders of the District Court and the District Court has not imposed previous sanctions upon them, the Court finds that Plaintiffs' failure to prosecute does not rise to a level warranting dismissal with prejudice and recommends dismissal without prejudice.

The Court finds that the District Court should not dismiss Willis's claims for failure to

prosecute because he has not exhibited the clear pattern of delay displayed by the other seven Plaintiffs. Although Willis did not provide Defendant with initial disclosures, he has attempted to comply with the District Court's orders and has consistently filed pleadings. Willis filed a motion for class certification on June 21, 2004, a motion for issuance of a status order on August 23, 2004, a motion to amend on October 29, 2004, a motion to sever on November 9, 2004, a motion for appointment of counsel on July 12, 2005, and a motion to show cause on October 20, 2005. Willis also has generally attempted to comply with the District Court's orders, including preparing a status report and filing a response to the District Court's order to show cause. (*Def.'s Mot. to Dismiss* at 4-5.) Because of Willis's level of activity in this case, the Court finds that he has not exhibited "a clear record of delay or contumacious conduct" and recommends that Willis's claims should not be dismissed for failure to prosecute. *See Rogers*, 699 F.2d at 320.

## II. Willis's Title VII and ADEA Claims

Defendant argues that the Court should dismiss Plaintiffs' Title VII and ADEA discrimination claims because Plaintiffs failed to exhaust their administrative remedies. (*Def.'s Mot. to Dismiss* at 21-22.) Because of the above recommendation to dismiss all Plaintiffs' claims, except Willis's claims, the Court only considers Defendant's arguments pertaining to Willis. Defendant first argues that Willis's Title VII and ADEA claims are time-barred because "he failed to commence suit within ninety days of the receipt of his notice of right to sue" from the Equal Employment Opportunities Commission ("EEOC"). (*Id.* at 22.)

The role of the EEOC is to prevent unlawful employment practices. *See* 42 U.S.C. § 2000e-5(a) (outlining the role of the EEOC). Before initiating Title VII or ADEA discrimination claims, potential plaintiffs must exhaust their administrative remedies and file a charge of discrimination

8

with the EEOC. *See* 42 U.S.C. § 2000e-5 (explaining the requirements of filing a charge of discrimination with the EEOC); *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991) (discussing how an individual may pursue an age discrimination claim in federal court); *Crawford v. U.S. Steel Corp.*, 660 F.2d 663, 665 (5th Cir. 1981) (stating that "[t]imely filing of EEOC charges is a prerequisite to a Title VII suit in federal court").

After filing a charge with the EEOC, the EEOC will give the "aggrieved party" notice of his or her right to sue, and the individual must bring suit within ninety days of receiving the notice. 42 U.S.C. § 2000e-5(f)(1); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 (5th Cir. 1992); *Lee v. Kroger Co.*, 901 F. Supp. 1218, 1223 (S.D. Tex. 1995). "Although the ninety-day filing requirement is not a prerequisite to a federal court's subject matter jurisdiction, it is a statutory precondition to maintaining a cause of action in federal court, in the absence of extenuating circumstances." *Lee*, 901 F. Supp at 1223. Courts treat the ninety-day time period for filing a lawsuit in federal court as a statute of limitations, and a dismissal for failure to file a claim in a timely manner is treated as an adjudication on the merits. *Id.* (citing *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819-20 (5th Cir. 1989)).

Defendant states that Willis filed a charge of discrimination with the EEOC on July 8, 2003, and the EEOC issued Willis notice of his right to sue on August 22, 2003. (*Def.'s Mot. to Dismiss* at 5.) Willis does not dispute these dates. Thus, Willis had to file his lawsuit within ninety days of August 22, 2003. He filed this lawsuit on June 10, 2004, more than ten months after receiving notice of his right to sue. Accordingly, Willis did not file his lawsuit in a timely manner, and the Court recommends that the District Court dismiss Willis's Title VII and ADEA claims because he did not initiate his lawsuit in a timely manner.

9

### III. Willis's Section 1981 Claims

The Court construes Defendant's motion for summary judgment on Willis's § 1981 claims as a motion to dismiss for failure to state a claim because the record is not developed enough to determine if Defendant is entitled to summary judgment. Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering such a motion, the Court accepts as true the factual allegations plead by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp.2d 435, 437 (N.D. Tex. 2004) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). Courts should not grant a motion to dismiss unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Willis asserts claims of discrimination, retaliation, and hostile work environment in violation of 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). The Court analyzes § 1981 claims under the general Title VII evidentiary framework. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Absent direct evidence of discrimination, the Court applies the framework the Supreme

10

Court articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Byers*, 209 F.3d at 425.

With a § 1981 discrimination claim, the plaintiff first bears the burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the plaintiff succeeds, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reasons for the employer's action. *Id.* If the defendant provides such a reason, the plaintiff must then prove by a preponderance of the evidence that the defendant's stated reason was mere pretext for racial discrimination. *Byers*, 209 F.3d at 425-26 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

### A. Willis's Section 1981 Discrimination Claim

Willis claims that Defendant denied him promotions for discriminatory reasons. (*Def.'s Mot. to Dismiss* at 27.) To establish a *prima facie* case of discriminatory denial of promotions, Willis must show: (1) he is a member of a protected group; (2) he was qualified for the position held; (3) he was rejected for the position he sought; and (4) the employer continued to seek applicants with his qualifications. *Byers*, 209 F.3d at 426 (citing *Singh v. Shoney's, Inc.*, 64 F.3d 217, 219 (5th Cir. 1995)); *see Celestine v. Petroleous de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001) (outlining the requisite elements for a *prima facie* case of failure to promote for discriminatory reasons).

Willis's employment with Defendant began on September 22, 1977. (*Def.'s Mot. to Dismiss* at 14.) The last date on which Willis filed for a promotion was August 23, 1983.[1] (*Id.*) Pursuant

---

[1] Defendant provided this date in its Motion to Dismiss. Willis has not disputed this date as the last time he applied for a promotion, nor did he provide a contradictory date in the complaint.

11

to Texas law, § 1981 claims are subject to a two-year statute of limitations.[2] *Byers*, 209 F.3d at 424. Willis filed this lawsuit on June 10, 2004. Since the statute of limitations period began to run on the date Willis last filed for a promotion on August 23, 1983, his claim for failure to promote for discriminatory reasons in violation of § 1981 is time-barred, and the District Court should dismiss Willis's § 1981 discrimination claim.

### B. Willis's Section 1981 Retaliation Claim

Willis's second § 1981 claim is that Defendant unlawfully retaliated against him. Willis must show the following to establish a *prima facie* case of retaliation: (1) Willis engaged in activity protected by § 1981; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002).

Defendant concedes that Willis engaged in activity protected by § 1981 when he filed a charge of discrimination with the EEOC on July 8, 2003. (*See Def.'s Mot. to Dismiss* at 25.) The Court, therefore, first addresses the second element necessary for a *prima facie* case of retaliation - whether Willis suffered an adverse employment action. *See Raggs*, 278 F.3d at 472 (outlining the elements of a *prima facie* retaliation case).

The following is a history of all disciplinary action taken against Willis during the relevant time period.[3] Willis started working for Defendant on September 22, 1977. (*Def.'s App.* at 16.)[4]

---

[2] In *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987), the Supreme Court held that the state limitations period for personal injury torts should govern all § 1981 claims. *Id.* at 661-62; *see Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (explaining the holding in *Goodman* and applying the Texas two-year statute of limitations).

[3] "The relevant time period is "from July 2001 to Present." (*Pl.'s Compl.* at 2.)

[4] "*Def.'s App.*" refers to the appendix to Defendant's motion to dismiss.

12

Willis alleges that Defendant's discriminatory acts began in July 2001. (*Def.'s Mot. to Dismiss* at 14; *Pl.'s Compl.* at 2.) On January 31, 2002, Willis received a disciplinary layoff for yelling racial comments at his supervisor, but Defendant removed this action from Willis's file as part of a union settlement (*Def.'s App.* at 16.) Willis received another disciplinary layoff on March 9, 2002, which Defendant also removed from his file as part of a union settlement. (*Id.*) On June 5, 2002, Willis received a written reprimand for an unexcused absence, but Defendant removed it from his file because he did not have additional violations within the following four-month period. (*Id.*) On October 31, 2002, Willis received counseling because his co-workers complained that he used "demeaning language and threatening body posture." (*Id.* at 16-17.) He also received a warning that any altercations could result in the receipt of a disciplinary layoff or removal. (*Id.*) On March 7, 2003, Willis received a disciplinary layoff for the balance of his shift, plus one week, because he physically and verbally interfered with and intimidated a co-worker. (*Id.*) After four months, the disciplinary layoff was removed from his record as part of a union settlement. (*Id.*) Willis received another disciplinary layoff on March 25, 2003, because he was late to work. (*Id.* at 17.) His layoff period was reduced to the balance of his shift and two weeks as part of a settlement with the union, and the action was removed from his file after four months. (*Id.*) Defendant has never transferred Willis, and the last promotion for which he applied was on August 23, 1983.[5] (*Id.* at 16, 17.)

The Court is not convinced that Willis has demonstrated any "adverse employment action" because Defendant removed most of the disciplinary action against him from his file. *See Raggs,*

---

[5]The Court does not address Defendant's refusal to promote Willis as part of Willis's retaliation claim because Willis asserts that "[t]he discriminatory acts occurred on or about March 7, 2003 [and] other acts have occurred from July 2001 to present on a continuous and sustaining basis." (*Pl.'s Compl.* at 3.) Since the last time Willis applied for a promotion was in 1983, it is outside the temporal scope of Willis's complaint.

278 F.3d at 472. Even assuming "adverse employment action," Willis has not demonstrated a causal connection between the discipline he received while working for Defendant and his protected activity of filing a charge of discrimination with the EEOC on July 8, 2003. *See id.* Willis has alleged no facts that, if accepted as true, illustrate that Defendant disciplined him in retaliation because he filed a charge of discrimination. *See Farechase, Inc.*, 318 F. Supp.2d at 437 (requiring the Court to accept as true the factual allegations plead by the non-moving party when considering a motion to dismiss). Instead, Willis has only made conclusory allegations that Defendant discriminated against him, which are insufficient to survive a motion to dismiss. (*See Pl.'s Compl.* at 3) (outlining Willis's general claims of discrimination.) *See also Guidry*, 954 F.2d at 281 (indicating that the non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss).

### C. Willis's Section 1981 Hostile Work Environment Claim

Lastly, Willis claims that Defendant engaged in "discriminatory and harassment activities due to racial overtones" that have "made the workplace a hostile environment" in violation of § 1981. (*Pl.'s Compl.* at 3.) To illustrate a *prima facie* case of hostile work environment, Willis must show: (1) he belonged to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). Willis must subjectively perceive the harassment to be severe and pervasive, and Willis's perception must also be objectively reasonable. *Id.*

Willis has not alleged any facts supporting his hostile work environment claim. Willis was subject to disciplinary action by Defendant, but Willis has plead no facts illustrating that any

disciplinary action he received was harassment or that it was based upon his race. Without providing any support for his contention, Willis has merely stated that Defendant harassed him and has not isolated the manner in which Defendant harassed him, how the harassment was based on race, or how it affected his work. (*See Pl.'s Compl.* at 3.) Despite the numerous motions and responses Willis has filed, he never details the specific events underlying his § 1981 claims and limits his allegations to general accusations of discrimination, nor did Willis plead facts supporting his claims in his late filed response to Defendant's motion to dismiss. He limits the statement of facts in his response to the following: "Defendant GM has committed serious violations of racial, age and employment discrimination against the Plaintiff within the work force." (*Pl.'s Resp. to Mot. to Dismiss* at 1.) The Court will not grant a motion to dismiss for failure to state a claim unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. But, to meet this light burden, Willis must, at a minimum, allege *some* set of facts supporting his claims. Accordingly, the Court recommends that the District Court dismiss Willis's § 1981 hostile work environment claim.

Because Willis is a *pro se* plaintiff, the Court recommends that his § 1981 retaliation and hostile work environment claims be dismissed without prejudice. The Fifth Circuit has generally adopted a lenient approach towards *pro se* litigants. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Fifth Circuit has even stated that "[a] *pro se* complaint . . . should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief." *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) (citing *Conley*, 355 U.S. 41). Because of the lenience afforded to *pro se* parties, the Court recommends dismissal without prejudice to allow Willis an opportunity to re-file his § 1981 retaliation and discrimination claims. *See id.* (stating "[i]f

15

dismissal of a *pro se* complaint is warranted, it should be without prejudice").

## CONCLUSION

The Court finds that all Plaintiffs, except Willis, failed to prosecute their claims. The Court finds that Willis did not fail to prosecute his claim but that Willis did not file his Title VII and ADEA claims in a timely manner. The Court also finds that Willis did not initiate his § 1981 discrimination claim in a timely manner and that Willis has not plead facts sufficient to support his § 1981 retaliation and hostile work environment claims.

## RECOMMENDATION

Accordingly, the Court recommends that Defendant's motion to dismiss be **GRANTED**. The Court recommends that all of Plaintiff's claims, except Willis's claims, be dismissed without prejudice for failure to prosecute. The Court recommends that Willis's Title VII claims, ADEA claims, and § 1981 discrimination claim be dismissed with prejudice because they are time-barred. The Court recommends that Willis's § 1981 retaliation and hostile work environment claims be dismissed without prejudice.

Signed this 17 day of November, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE